IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| CHRISTOPHER GUILLEN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:19cv187 |
| LORIE DAVIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Guillen, an inmate formerly confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 against Lorie Davis, William Catoe, James Parkman, Natasha Watts, Geneva Hill, and Bob Castleberry.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In his amended complaint filed on December 27, 2021 (ECF No. 47), the operative pleading in this action,[2] plaintiff states he was working at his assigned work area in the prison kitchen on May 11, 2019 when defendant Geneva Hill, the Food Service Manager, ordered him to clean the kitchen floor. Plaintiff states he informed Hill that there were no rubber steel toe boots in his size. Plaintiff alleges that Hill then told him to wear his personal tennis shoes. Plaintiff claims he then told Hill his tennis shoes were not supposed to be worn in the kitchen while performing job assignments and that he could slip and fall and hurt himself.

---

[1] Plaintiff's claims regarding his medical care at the prison facility located in Fort Stockton, Texas concerning defendants Dr. David R. Basse, Gerald Buluti, Dr. Lannette Linthicum, Tedd L. Mitchell, Dr. Ben G. Raimer, and Dr. Owens J. Murray were severed from this action and are proceeding as a separate civil action.

[2] An amended complaint supersedes and takes the place of a previous complaint filed in a case. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); Clark *v. Tarrant Cnty., Tex.,* 798 F.2d 736, 740 (5th Cir. 1986).

Next, plaintiff alleges he put on gloves, and with wet tennis shoes, he slipped on the "wet Syrtales" and fell, injuring himself. Plaintiff claims defendant Hill "failed or refused to issue him rubber steel toe boots in his size." Plaintiff claims defendants Hill and Watts, another Food Service Manager, continued to allow him to perform work assignments in an unsafe condition. Plaintiff alleges that he fell numerous times in the kitchen, but no injury report was processed and no corrective action was taken by the defendants.

Plaintiff alleges he was retaliated against when he informed defendants Hill, Watts, and Parkman there were no steel toe rubber boots in his size. "As a result, he was forced to perform unsafe acts which [allegedly] caused him to physically injure himself." Plaintiff claims Hill, Watts, and Parkman were aware he did not have steel toe rubber boots in his size and that there was a reasonable probability he could injure himself, but they failed to have him removed from the Food Service Department. Plaintiff claims his injury led to defendant Hill calling an Incident Command System Response Team, which was led by Sgt. Ludini, to assist in picking him up off of the wet floor.

Next, plaintiff claims defendants Hill, Watts, and Parkman were negligent in allowing him to perform kitchen assignments when he was ordered to perform unsafe acts. Plaintiff claims such defendants were aware of the risks and "yet allowed [him] to work on Defective Premises." Plaintiff claims he had slipped and fell in the kitchen several times prior to this civil action.

Plaintiff claims defendants Castleberry, Parkman, Hill, and Watts were aware of unsafe conditions when he was forced to work in an unsafe condition not wearing steel toe rubber boots, allegedly leading to his injury. Plaintiff claims the defendants had a duty to report the incident under Tex. Civ. Prac. & Rem. Code § 101.021.

On the date of the incident, plaintiff claims he was transported to the unit infirmary after complaining of blurry vision, feeling light-headed, and pain. Once at the infirmary, plaintiff claims he was transported to Tyler County Hospital located in Woodville, Texas.

2

Plaintiff claims that while he was in the Emergency Room at the Tyler County Hospital he was instructed to take 600 mg Ibuprofen tablets, 50 mg Atenolol, and 5 mg Terazosin, all for thirty days. Plaintiff states, however, that he was later evaluated by Dr. Baijnath at the hospital, and the doctor determined he had no injuries. Plaintiff claims he has constantly complained of pain in his shoulders and lower back. Plaintiff states x-rays were performed on May 11, 2019, and showed no injury. Plaintiff claims nothing has explained why he is in constant pain.

The Motion to Dismiss

Pending before the court is the defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 45). The defendants assert that the court lacks jurisdiction over plaintiff's state law claims because they are barred by sovereign immunity and the Eleventh Amendment. Additionally, the defendants state that plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. The defendants further claim that plaintiff has failed to show personal involvement of defendants Davis, Catoe, Parkman, and Castleberry. Finally, the defendants assert that plaintiff's claims fail to state a claim upon which relief may be granted, and they are entitled to qualified immunity.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504

U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly.*, 550 U.S. at 555.

*Qualified Immunity*

The defendants assert plaintiff's claims fail to overcome their entitlement to qualified immunity. The doctrine of qualified immunity affords protection to officials against individual liability for civil damages insofar as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S.

4

730, 739 (2002) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  Qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Federal courts have traditionally used a two-step test to determine whether the defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004).  First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.*  Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation.  *Id.*  "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *internal citations omitted*).  "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Id.*  "[A] state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004).  A plaintiff must prove that the officer's actions were objectively unreasonable within that legal context.  *See Saucier*, 533 U.S. at 206; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998).  The Supreme Court has held that the rigid structure of *Saucier* is no longer required and that the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

<u>Analysis</u>

*Deliberate Indifference to Health and Safety*

As a convicted prisoner, plaintiff has a right not to be knowingly exposed to conditions which are clearly dangerous to his health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). However, there is no constitutional requirement that prison work supervisors observe all health and safety standards observed by private employers. *Sampson v. King*, 693 F.2d 566, 569 (5th Cir. 1982).

The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer*, 511 U.S. at 839-40. Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

Plaintiff alleges the defendants were aware he did not have steel toe rubber boots in his size and that it was a reasonable probability he could injure himself, but they failed to have him removed

6

from the Food Service Department.   However, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety.  *See Farmer*, 511 U.S. at 837.  Plaintiff has failed to show the defendants' failure to provide him with the requested footwear rose to the level of a constitutional violation, nor has he satisfied the extremely high standard of showing the defendants acted with deliberate indifference. Plaintiff's allegations fail to rise to the level of anything more than possible negligence as to any of the defendants in this action.  Negligence does not constitute a violation of the Eighth Amendment.

Plaintiff has failed to allege or demonstrate any of the defendants in this action knew of and disregarded an excessive risk to inmate health or safety or that they were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew the inference. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted.  Further, as plaintiff has failed to establish a constitutional violation, the defendants are entitled to qualified immunity.  Therefore, the defendants' motion to dismiss should be granted.

*Supervisory Liability*

Plaintiff has also named as defendants in this action Lorie Davis, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, William Catoe, the Senior Warden at the Lewis Unit, Bob Castleberry, the Assistant Warden at the Lewis Unit, and James Parkman, Food Service Manager IV.  Plaintiff, however, has failed to show any personal involvement of these defendants.

In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong.  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1990).  These supervisory defendants did not participate in the alleged acts of misconduct.  The only way they could possibly be implicated in these claims is through their supervisory capacity.  Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory.  A supervisor may be held liable if either of the following exists:  (1) his personal involvement in the constitutional deprivation, or (2) sufficient

causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* 828 F.2d at 304. Neither condition is satisfied in the present action. Accordingly, plaintiff's claims against the supervisory defendants are frivolous and fail to state a claim upon which relief may be granted. As plaintiff has failed to establish a constitutional violation, the defendants are entitled to qualified immunity. Therefore, the defendants' motion to dismiss should be granted.

*Retaliation*

Finally, plaintiff claims he was retaliated against when he informed defendants Hill, Watts, and Parkman that there were no steel toe rubber boots in his size. In order to state a valid claim for retaliation "an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory allegations of retaliation will be insufficient to state a retaliation claim. *See Id*. An inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). To state a claim of retaliation, an inmate must be prepared to establish a retaliatory motive and causation. *Hart v. Hailstone*, 343 F.3d 762, 765 (5th Cir. 2003).

In this case, plaintiff has failed to show either a retaliatory motive or causation regarding his claims against any of the defendants. Plaintiff has failed to produce either direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Plaintiff's allegations of retaliation are no more than mere speculation on the part of plaintiff. Thus, plaintiff has failed to state a claim of retaliation under § 1983 against the defendants, and the claim should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

### Supplemental Jurisdiction

In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.   Thus, to the extent plaintiff's complaint asserts state law claims, supplemental jurisdiction should be declined in this action.

### Recommendation

For the reasons set forth above, plaintiff's complaint fails to state a claim upon which relief may be granted, and the defendants are entitled to qualified immunity.   Therefore, the defendants' motion to dismiss should be granted and the court should decline to exercise supplemental jurisdiction.   Accordingly, plaintiff's complaint should be dismissed.

### Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.   *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 23rd day of January, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

9